Reed R. Kathrein (139304)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com

*Attorneys for Proposed Lead Plaintiff Richard C. Kapron*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FABBRI, Individually and On Behalf Of All Others Similarly Situated<br><br>                                    Plaintiff,<br><br>     v.<br><br>INOGEN, INC., SCOTT WILKINSON and ALISON BAUERLEIN,<br>                                    Defendants. | No. 2:19-cv-01643-FMO-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RICHARD C. KAPRON FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**<br><br>Date:        June 6. 2019<br>Time:        10:00 AM<br>Courtroom:  6D<br>Judge:       Hon. Fernando M. Olguin |
| STEVEN FRIEDLAND, Individually and On Behalf Of All Others Similarly Situated<br><br>                                    Plaintiff,<br><br>     v.<br><br>INOGEN, INC., SCOTT WILKINSON and ALISON BAUERLEIN,<br>                                    Defendants. | Case No. 2:19-cv-02112-FMO-AGR |

115146v1

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

PROCEDURAL HISTORY ................................................................................... 4

SUMMARY OF FACTS ........................................................................................ 5

ARGUMENT .......................................................................................................... 7

    A.    The Related Actions Should Be Consolidated ........................................... 7

    B.    Mr. Kapron Should Be Appointed As Lead Plaintiff ............................... 7

        A.    The Governing Law of the PSLRA ................................................ 7

        B.    Movant Complied with the PSLRA and Timely Filed this Motion ...................................................................................... 8

        C.    Movant has the Largest Financial Interest in the Relief Sought by the Class ....................................................................... 10

    C.    Movant Otherwise Satisfies the Requirements of Fed. R. Civ. P. Rule 23 ........................................................................................ 10

        A.    Movant's Claims Are Typical of the Claims of All the Class Members ............................................................................. 11

        B.    Mr. Kapron Will Adequately Represent the Interests of the Class ............................................................................... 12

    D.    The Court Should Approve Movant's Choice of Lead Counsel ............ 14

CONCLUSION ..................................................................................................... 15

115146v1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Brown v. China Integrated Energy, Inc.,*
   2011 U.S. Dist. LEXIS 151131 (C.D. Cal. Aug. 29, 2011) ........................................7

*Brown v. Innerworkings, Inc.,*
   2018 WL 4859154 (C.D. Cal. July 27, 2018) ................................................... 11, 13

*In re Emulex Corp.,*
   210 F.R.D. 717 (C.D. Cal. 2002)................................................................. 13

*Guohua Zhu v. UCBH Holdings, Inc.,*
   682 F. Supp. 2d 1049 (N.D. Cal. 2010)........................................................ 11

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ................................................................... 11

*Hanon v. Dataproducts Corp.,*
   976 F.2d 497 (9th Cir. 1992) .................................................................... 11

*Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh),*
   306 F.3d 726 (9th Cir. 2002) ............................................................... 10, 11

*Longo v. Osi Sys.,*
   2018 U.S. Dist. LEXIS 224948 (C.D. Cal. Mar. 1, 2018) ........................................7

*Middlesex Cty. Ret. Sys. v.Semtech Corp.,*
   2010 WL 11507255 (C.D. Cal. Aug. 27, 2010) ..................................................... 11

*Query v. Maxim Integrated Prods., Inc.,*
   558 F. Supp. 2d 969 (N.D. Cal. 2008)........................................................ 10

*Takeda v. Turbodyne Techs., Inc.,*
   67 F. Supp. 2d 1129 (C.D. Cal. 1999)................................................... 12

*Schwartz v. Harp,*
   108 F.R.D. 279 (C.D. Cal. 1985)........................................................... 11

*Vignola v. Fat Brands,*
    2018 WL 6356109 (C.D. Cal. Nov. 16, 2018) ..................................................... 10, 12

## Statues and Regulations

17 C.F.R. § 240.10b-5 ...................................................................................................2

15 U.S.C. § 78j(b) .........................................................................................................2

15 U.S.C. § 78t-1 ..........................................................................................................2

15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I)............................................................................7

15 U.S.C. § 78u-4(a)(3)(A)(i) .......................................................................................8

15 U.S.C. § 78u-4(a)(3)(A)(ii) ......................................................................................7

15 U.S.C. § 78u-4(a)(3)(B).............................................................................................9

15 U.S.C. §78u-4(a)(3)(B)(i) ............................................................................... 2, 4, 8

15 U.S.C. §78u-4(a)(3)(B)(ii) .......................................................................................2

15 U.S.C. §78u-4(a)(3)(B)(iii)............................................................................... 2, 15

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)..................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ..........................................................................9

15 U.S.C. § 78-u-4(a)(3)(B)(iii)(I)(cc) ...................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ......................................................................... 9, 14

15 U.S.C. § 77z-1(a)(3)(B)(i) ........................................................................................8

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ............................................................................ 8, 14

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)................................................................................9

Fed. R. Civ. P. 23.............................................................................. 1, 3, 10, 11, 12

Fed. R. Civ. P. 23(a) ............................................................................. 10, 11, 13, 15

Fed. R. Civ. P. 23(a)(3).............................................................................................. 11

Fed. R. Civ. P. 42(a) .....................................................................................................7

**Other Authorities**

141 Cong. Rec. S8895 (1995) (statement of Sen. D'Amato)..........................................8

Richard C. Kapron ("Mr. Kapron" or "Movant"), hereby moves the Court for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing Movant as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired the securities of Inogen, Inc. ("Inogen" or the "Company") from November 8, 2017 and February 26, 2019, both dates inclusive; (3) approving Movant's selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

Mr. Kapron makes this motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). Movant is believed to be the movant with the largest financial interest in the outcome of this litigation. Movant satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") in that his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class. Movant has selected experienced and effective counsel as proposed lead counsel, Hagens Berman.

## INTRODUCTION

Pending before the Court are two related securities fraud class action lawsuits filed against Inogen, Scott Wilkinson, the Company's President and Chief Executive Officer ("CEO") and a member of its Board of Directors (the "Board"), and Alison Bauerlein, the Company's Executive Vice President and Chief Financial Officer

("CFO") (collectively, "Defendants").  The two Related Action complaints each allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  The complaints additionally allege many, if not all, of the same materially false statements and allege identical class periods.

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Movant should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has the largest known financial interest in the relief sought; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Movant respectfully submits that, pursuant to the Exchange Act, as amended by the PSLRA, Movant should be appointed to serve as Lead Plaintiff on behalf of the putative Class.  To the best of Movant's knowledge, he has the largest financial interest of any movant properly before the Court, having suffered a loss of approximately $80,000.00, whether calculated on a first-in-first-out ("FIFO") basis or last-in-last-out ("LIFO") basis.  *See* Certifications and Loss Charts, Declaration of Reed R. Kathrein ("Kathrein Decl."),[1] Exhibits ("Ex.") B and C, submitted herewith.

In light of these significant losses, Movant has a large financial interest in prosecuting this case – an interest believed to be greater than that of any competing movant for the relevant time period.  Movant also meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because the claim is typical of those of absent Class members and because Movant will fairly and adequately represent the interests of the proposed Class.  Like the other members of the putative Class, Movant seeks recovery of losses incurred as a result of the decline in the price of Inogen securities purchased on NASDAQ in the United States.

Movant fully understands his duties and responsibilities to the class, and is willing and able to oversee the vigorous prosecution of this action.  In addition to

---

[1] "Kathrein Decl." refers to the Declaration of Reed R. Kathrein in Support of Motion to Appoint Richard C. Kapron as Lead Plaintiff and to Approve His Selection of Lead Counsel.

evidencing the largest financial interest in the outcome of this litigation, Movant's certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of serving in that role.[2]

Finally, the Court should approve Movant's selection of Hagens Berman to serve as Lead Counsel for the class. The claims of the proposed Class will be best protected by the experience and resources of Hagens Berman, which has the expertise and resources necessary to handle litigation of this scale.

In light of the foregoing, Mr. Kapron respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should approve his selection of the law firm Hagens Berman as lead counsel in this action.

## PROCEDURAL HISTORY

On March 6, 2019, the first of the two Related Actions, *Fabbri v. Inogen, Inc., et al.*, Case No. 2:19-cv-01643, was filed in the United States District Court for the Central District of California by plaintiff William Fabbri, individually and on behalf of all purchasers of Inogen securities between November 8, 2017 and February 26, 2019. A second action, *Friedland v. Inogen, Inc., et al.*, Case No. 2:19-cv-02112 (filed on March 21, 2019 by plaintiff Steven Friedland), was filed thereafter. The gravamen of each of the Related Actions is Defendants' violations of federal securities laws for

---

[2] *See* Kathrein Decl. Ex. B. The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

MPA ISO MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL. APPROVE SELECTION OF COUNSEL
Case No.: 2:19-cv-01643-FMO-AGR

- 4

false and/or misleading statements regarding the Company's business metrics and financial prospects, including the strength of Inogen's salesforce acumen and the size of the total addressable market ("TAM") for its portable oxygen concentrators, the Company's sales tactics, the growth rate in Inogen's business-to-business channel and the Company's prospects for further growth. These false and/or misleading statements caused the price of Inogen securities to be artificially inflated, and thereby resulted in the damages suffered by Movant and the other members of the class.

On March 6, 2019, William Fabbri's counsel published a notice of pendency of that action over the national wire service, *BusinessWire*. Kathrein Decl., Ex. A (Published Notice). That notice advised class members of the existence of the lawsuit and described the claims asserted. Consistent with the terms of the PSLRA, Movant filed a timely motion for appointment as Lead Plaintiff and for approval of Movant's selection of lead counsel within 60 days from the publication of the notice of pendency.

## SUMMARY OF FACTS

Inogen is a medical technology company that primarily develops, manufactures and markets portable oxygen concentrators used to deliver supplemental long-term oxygen therapy to patients suffering from chronic respiratory conditions. The Company is headquartered in Goleta, California. Defendants Scott Wilkinson and Alison Bauerlein each served as senior officers and/or directors of the Company.

The complaint filed in this lawsuit alleges that throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, operational trends, controls, markets, and present and future business prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) that Inogen was overstating the size of its TAM by as much as 100%; (2) that Inogen was falsely attributing the success and growth in its sales to the strong sales acumen of its salesforce when in reality it was due in large part to nefarious sales tactics designed to deceive its elderly customer base; (3) that the growth rate in Inogen's business-to-business channel was inflated and sales to HME providers would impose significant barriers to further direct-to-consumer growth, because each unit sold to HMEs through the business-to business channel would service multiple would-be direct-to-consumer customers over the lifespan of the unit; (4) that little of Inogen's business was coming from the more stable Medicare market to which it was attributing its strong sales growth; and (5) as a result, defendants' statements about Inogen's business metrics and financial prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

**ARGUMENT**

**A.      The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(A)(ii). To date, Movant is aware of the two above-captioned Related Actions in this District against Defendants. Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Brown v. China Integrated Energy, Inc.*, No. CV 11-02559 MMM (PLAx), 2011 U.S. Dist. LEXIS 151131, at *14-18 (C.D. Cal. Aug. 29, 2011) (consolidating securities class actions); *Longo v. Osi Sys.*, No. LA 17-cv-08841 VAP (SKx), 2018 U.S. Dist. LEXIS 224948, at *7-8 (C.D. Cal. Mar. 1, 2018). Here the Related Actions are based upon the same alleged misconduct, name the same Defendants, allege the same class period, and assert many of the same claims. Consolidation, therefore, "would substantially promote judicial economy," and is appropriate. *Id.*

**B.      Mr. Kapron Should Be Appointed As Lead Plaintiff**

   **A.      The Governing Law of the PSLRA**

The PSLRA governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id.* The Court:

(s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

There is a rebuttable presumption that the lead plaintiff presumed to be most capable of adequately representing the Class is the investor that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added). Congress' goal in enacting the PSLRA was to empower investors to "have greater control over their class action cases."[3]

## B.    Movant Complied with the PSLRA and Timely Filed this Motion

The first procedural requirement is that the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the class action was filed on March 6, 2019, and notice was published nationally via *BusinessWire* (a national business-oriented wire service) the same day. *See* Kathrein Decl., Ex. A (Published Notice).

---

[3] *See* 141 Cong. Rec. S8895 (1995) (statement of Sen. D'Amato) ("the legislation empowers investors so that they, not their lawyers, have greater control over their class action cases").

MPA ISO MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL.    - 8 APPROVE SELECTION OF COUNSEL
Case No.: 2:19-cv-01643-FMO-AGR

The second procedural requirement is met within sixty days after publication of notice, when "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). After the procedural requirements are satisfied, the Court is charged with selecting the class member "most capable of adequately representing the interests of the class" to serve as Lead Plaintiff, based on the substantive considerations outlined in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Only by a showing that a presumptive Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under the PSLRA test, Movant meets the criteria of "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. First, Movant met the procedural requirements of the PSLRA by timely moving this Court for appointment as Lead Plaintiff within sixty days of publication of the notice. Accordingly, Movant meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), and has filed his motion within the 60-day time period requirement. Next, as outlined below, Movant has the largest known financial interest in the case and he satisfies the requirements of Rule 23. Mr. Kapron has hired reputable and experienced counsel and possess the willingness, resources, and expertise to obtain excellent results for the

Class.  Finally, Movant is not subject to any unique defenses that would bar his ability to represent the class.

Consequently, this Court should appoint Movant as Lead Plaintiff.

### C. Movant has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  As a result of his purchases of Inogen securities during the Class Period, Movant has suffered losses of approximately $80,000.00.  Kathrein Decl., Exs. B and C.  Movant's losses were calculated using an approved calculation method,[4] and to the best of the Movant's knowledge, this represents the largest known financial interest in the relief sought by the Class. Mr. Kapron, therefore, is presumptively the most adequate to serve as Lead Plaintiff.

### C. Movant Otherwise Satisfies the Requirements of Fed. R. Civ. P. Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a).[5]  At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23.[6]

---

[4] *See Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 974 (N.D. Cal. 2008).

[5] *See Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729-30 (9th Cir. 2002).

[6] *See Vignola v. Fat Brands*, No. CV 18-7469 PSG (PLAx), 2018 WL 6356109, at *3 (C.D. Cal. Nov. 16, 2018) ("[t]he typicality and adequacy requirements . . . are the main focus," and "[e]xamination of the remaining requirements is deferred until the

Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding and Movant must make only a preliminary showing that he meets the Rule 23 typicality and adequacy requirements to be entitled to lead plaintiff status under the PSLRA.[7]  As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

### A. Movant's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory.[8]

The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical, since "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."[9]  In this case, the

---

lead plaintiff moves for class certification.") (*citing In re Cavanaugh*, 306 F.3d at 730).

[7] *See In re Cavanaugh*, 306 F.3d at 731 (presumptive lead plaintiff must show only "a prima facie showing of typicality and adequacy").

[8] *See Brown v. Innerworkings, Inc.*, No. SACV 18-00832-CJC (KESx), 2018 WL 4859154, at *2 (C.D. Cal. July 27, 2018) (*citing Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

[9] *Middlesex Cty. Ret. Sys. v. Semtech Corp.*, No. CV 07-7114 CAS (FMOx), 2010 WL 11507255, at *3 (C.D. Cal. Aug. 27, 2010) (*citing Hanlon v. Chrysler Corp.*, 150

typicality requirement is met because Movant's claims arise from the same conduct as the claims of every other Class Member. Like all Class Period investors, Movant purchased Inogen securities when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions. Both Movant and the Class Members suffered damages as a result of these purchases. Simply put, Mr. Kapron, like all the other class members, (1) purchased Inogen securities between November 8, 2017 and February 26, 2019; (2) purchased Inogen securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Mr. Kapron's claims and injuries therefore "arise out of the same event or course of conduct as do the other class members' claims and are based on the same legal theories."[10]

Moreover, Mr. Kapron is not subject to any unique or special defenses. Thus, he meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other class members.

**B.    Mr. Kapron Will Adequately Represent the Interests of the Class**

When evaluating whether a class representative is adequate, courts assess whether he "has interests antagonistic to the class, and whether [his] counsel have the

---

F.3d 1011, at 1020 (9th Cir. 1998), *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

[10] *See Vignola,* 2018 WL 6356109, at \*3 *(citing Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)).

necessary capabilities and qualifications."[11] As described below, Mr. Kapron will adequately represent the interests of the class.

His interests are clearly aligned with the members of the class because his claims arise from the same conduct as the claims of the Class. There is no evidence of antagonism between Mr. Kapron's interests and those of proposed class members. Furthermore, Mr. Kapron has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's shared interests with the members of the class, clearly shows that Mr. Kapron will adequately and vigorously pursue the interests of the class. In addition, Mr. Kapron has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent Movant and the class.[12]

In sum, because of Movant's common interests with the class members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Mr. Kapron not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants,

---

[11] *See Brown,* 2018 WL 4859154, at \*2 *(citing In re Emulex Corp.,* 210 F.R.D. 717, 720 (C.D. Cal. 2002)).

[12] *See* Kathrein Decl., Ex. D (firm résumé).

Mr. Kapron is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[13]

### D.      The Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Mr. Kapron selected Hagens Berman to serve as Lead Counsel for the class. Hagens Berman has successfully prosecuted complex class action cases of various types and complex securities fraud actions. Hagens Berman is one of the nation's leading class action law firms, and has earned an international reputation for excellence and innovation in groundbreaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors.[14]  This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

---

[13] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and (II). Movant meets the presumption of adequacy.

[14] Kathrein Decl., Ex. D (firm résumé).

In sum, because of Movant's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Because Movant not only meets both the typicality and adequacy Requirements of Rule 23(a), but has also sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.

## CONCLUSION

For all of the foregoing reasons, Mr. Kapron respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint him to serve as Lead Plaintiff in this action; (3) approve his selection of Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATE: May 6, 2019                     HAGENS BERMAN SOBOL SHAPIRO LLP

*s/ Reed R. Kathrein*
Reed R. Kathrein
Danielle Smith
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com

MPA ISO MOT. TO CONSOL. REL. CASES, APPOINT LEAD PL.                     - 15
APPROVE SELECTION OF COUNSEL
Case No.: 2:19-cv-01643-FMO-AGR

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for Proposed Lead Plaintiff*
*Richard C. Kapron*