**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorney for Movants*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FABBRI,, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INOGEN, INC., SCOTT WILKINSON and ALISON BAUERLEIN, <br><br> Defendants. | No.: 2:19-cv-01643-FMO-AGR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE INOGEN INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** <br><br> DATE: June 6, 2019 <br> TIME: 10:00 a.m. <br> JUDGE: Fernando M. Olguin <br> CTRM: Courtroom 6D, 6th Floor |
| STEVEN FRIEDLAND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INOGEN, INC., SCOTT WILKINSON and ALISON BAUERLEIN, <br><br> Defendants. | No.: 2:19-cv-02112-FMO-AGR |

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ..................................................................................1

II.     STATEMENT OF FACTS ........................................................................................2

III.    ARGUMENT.............................................................................................................3

   A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR
        ALL PURPOSES ..................................................................................................3

   B.   THE INOGEN INVESTOR GROUP SHOULD BE APPOINTED
        LEAD PLAINTIFF ..............................................................................................4

        1.   The Inogen Investor Group is Willing to Serve as Class
             Representative ............................................................................................5

        2.   The Inogen Investor Group Has the "Largest Financial Interest" ......6

        3.   The Inogen Investor Group Otherwise Satisfies the Requirements
             of Rule 23 of the Federal Rules of Civil Procedure ...........................7

        4.   The Inogen Investor Group Will Fairly and Adequately
             Represent the Interests of the Class and is Not Subject to Unique
             Defenses ......................................................................................................9

   C.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
        APPROVED .........................................................................................................9

IV.     CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D.N.J. 2003) ...................................................................................6

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)...................................................................................................8

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994)...........................................................................................8

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005)................................................................................4

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006).......................................................................................8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008)...............................................................................3

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999) ................................................................................7

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997) ..............................................................................7

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ...........................................................................7

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996)...............................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) .............................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ..........................................6

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)..........................................4

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ...................................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................................7

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ..........................................................................3

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) ...........................................................................6

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) ......................................6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ................................................................................3

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ......................................6

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) ..................................................................................3

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...................................9, 10

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ..............................................................................8

### <u>Statutes</u>

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ............................................................*passim*

### <u>Rules</u>

Federal Rules of Civil Procedure Rule 23 .................................................*passim*

Federal Rules of Civil Procedure Rule 42 .................................................1, 3

MEMORANDUM OF POINTS AND AUTHORITIES

iii

Movants Douglas A. Murphy, Susan S. Murphy, Ronald Lynch, and Paragon Fund Management (collectively, the "Inogen Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Inogen Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of Inogen, Inc. ("Inogen" or the "Company") between November 8, 2017 and February 26, 2019, both dates inclusive (the "Class Period"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Glancy Prongay & Murray LLP ("GPM") as Co-Lead Counsel for the Class.

## I.      PRELIMINARY STATEMENT

The Related Actions are on behalf of all persons and entities that purchased or otherwise acquired Inogen securities during the Class Period.  Each of the Related Actions raises substantially similar allegations: defendants violated federal securities laws by issuing false and misleading statements.  Accordingly, consolidation of the Related Actions is appropriate.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Inogen Investor Group, with losses of approximately $439,085 in connection with its purchases of Inogen securities, has the largest financial interest in the relief sought in this action.  The Inogen Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members.  Accordingly, the Inogen Investor Group respectfully submits that it should be appointed Lead Plaintiff.

MEMORANDUM OF POINTS AND AUTHORITIES

1

## II.    STATEMENT OF FACTS

Inogen is a medical technology company that primarily develops, manufactures and markets portable oxygen concentrators used to deliver supplemental long-term oxygen therapy to patients suffering from chronic respiratory conditions.

It is alleged in the complaints filed in the Related Actions, that during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding Inogen's business metrics and financial prospects. Specifically, defendants failed to disclose that: (i) Inogen had overstated the true size of the total addressable market ("TAM") for its portable oxygen concentrators and had misstated the basis for its calculation of the TAM; (ii) Inogen had falsely attributed its sales growth to the strong sales acumen of its salesforce, when in reality it was due in large part to sales tactics designed to deceive its elderly customer base; (iii) the growth in Inogen's domestic business-to-business sales to home medical equipment ("HME") providers was inflated, unsustainable and was eroding direct-to-consumer sales; and (iv) very little of Inogen's business was actually coming from the more stable Medicare market. As a result of this information being withheld from the market, the price of Inogen common stock was artificially inflated to more than $282 per share during the Class Period.

On November 6, 2018, Inogen announced its third quarter 2018 financial results and, while the quarterly financial results were in line with expectations, defendants revealed that the growth in domestic business-to-business sales to HME providers had slowed and reduced Inogen's guidance for fiscal 2018 adjusted EBITDA. As a result of this news, the price of Inogen common stock fell over 19%, or $37.44 per share, to close at $155.86 per share. Then, following the publication of detailed investigative reports by stock analysts on February 8, 2019 and February 12, 2019, which challenged, among other things, the size of Inogen's actual TAM, the basis for its prior TAM claims, and the source of its Class Period sales growth, the price of Inogen common stock declined further to close at $138.05 per share on February 12, 2019.

Then, on February 26, 2019, after the close of trading, Inogen announced disappointing fourth quarter and fiscal year 2018 financial results and significantly reduced its previously provided fiscal 2019 net income guidance. Inogen's CEO also backtracked on the Company's prior TAM estimate of 2.5 to 3 million patients, and blamed Inogen's poor domestic business-to-business sales on order activity that slowed from one national homecare provider. On this news, the price of Inogen common stock fell an additional $33.77 per share, or more than 24%, from a close of $140.06 per share on February 26, 2019, to a close of $106.28 per share on February 27, 2019.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not

outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at \*4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Inogen's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at \*5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B.   THE INOGEN INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Inogen Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.   Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Inogen Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.   The Inogen Investor Group is Willing to Serve as Class Representative

On March 6, 2019, counsel for a plaintiff in the first-filed above-caption action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Inogen securities that they had 60 days—*i.e.*, until May 6, 2019—to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jennifer Pafiti in Support of Motion of the Inogen Investor Group for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Pafiti Decl."), Ex. A.

The Inogen Investor Group has filed the instant motion pursuant to the Notice, and its members have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary.

*See* Pafiti Decl., Ex. B.   Accordingly, the Inogen Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.   The Inogen Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Inogen Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

During the Class Period, the Inogen Investor Group (1) purchased 9,750 shares of Inogen common stock and 1,611 option contracts; (2) expended $3,372,163 on its purchases of Inogen securities; (3) retained 2,750 shares of Inogen common stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $439,085 in connection with its purchases of Inogen securities.   *See* Pafiti Decl., Ex. C.   Because the Inogen Investor Group possesses the largest financial interest in the outcome of this litigation, it

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).   *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

may be presumed to be the "most adequate" plaintiff.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    The Inogen Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).   Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).   In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the

class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the Inogen Investor Group are typical of those of the Class.  The Inogen Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Inogen, or omitted to state material facts necessary to make the statements they did make not misleading.  The Inogen Investor Group, as did all members of the Class, purchased Inogen securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Inogen Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Inogen Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the Inogen Investor Group has retained counsel highly experienced in

vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**4. The Inogen Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing the Inogen Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Inogen Investor Group to fairly and adequately represent the Class has been discussed above. The Inogen Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class.

Additionally, the Inogen Investor Group are a small and cohesive group of investors, who have demonstrated their adequacy by the submission of a Joint Declaration attesting to their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Pafiti Decl., Exhibit D.

Accordingly, the Inogen Investor Group should be appointed Lead Plaintiff for the Class.

**C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v.*

*Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at \*15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Inogen Investor Group has selected Pomerantz and GPM as Co-Lead Counsel. Pomerantz and GPM are highly experienced in the area of securities litigation and class actions, and each has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Pafiti Decl., Exhibits E & F. As a result of Pomerantz's and GPM's extensive experience in litigation involving issues similar to those raised in the Actions, the Inogen Investor Group's counsel have the skill and knowledge which will enable them to prosecute the Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by the Inogen Investor Group, the members of the class will receive the best legal representation available.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of counsel, the members of the class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, the Inogen Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Inogen Investor Group as Lead Plaintiff for the Class; and (3) approving Pomerantz and GPM as Co-Lead Counsel for the Class.

Dated: May 6, 2019

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190

Email: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
Email: pdahlstrom@pomlaw.com

**GLANCY PRONGAY & MURRAY LLP**
Lesley Portnoy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  310-201-9150
Facsimile:   310-201-9160
Email: lportnoy@glancylaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Movants*

MEMORANDUM OF POINTS AND AUTHORITIES

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/     Jennifer Pafiti*
Jennifer Pafiti