CAZ HASHEMI, State Bar No. 210239
CATHERINE MORENO, State Bar No. 264517
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email: chashemi@wsgr.com
        cmoreno@wsgr.com

Attorneys for Defendants
Inogen, Inc., Scott Wilkinson, and Alison
Bauerlein

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re INOGEN, INC. SEC. LITIG. | Master File No. 2:19-cv-01643-FMO-AGR |
| | CLASS ACTION |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT** |
| | Date:  November 21, 2019<br>Time:  10:00 a.m.<br>Before: Hon. Fernando M. Olguin<br>Courtroom:  6D |

## INTRODUCTION

Defendants Inogen, Inc. ("Inogen"), Scott Wilkinson, and Alison Bauerlein ("Defendants") hereby request that the Court consider certain documents incorporated by reference in Plaintiff's Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint" or "¶ _") and judicially notice certain documents submitted in support of the Defendants' Motion to Dismiss the Consolidated Amended Complaint.  True and correct copies of the documents described herein are attached as exhibits ("Ex. _") to the Declaration of Catherine Moreno ("Moreno Declaration" or "Moreno Decl.") in Support of the Defendants' Motion to Dismiss.

## ARGUMENT

The Supreme Court has held that, when ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

Defendants submit for the Court's consideration both documents incorporated by reference into the Complaint and documents properly subject to judicial notice.  As discussed below, consideration of both types of documents is appropriate at this stage of the proceedings.

## I. THE COURT SHOULD CONSIDER DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT

Defendants request that the Court consider documents quoted in and relied upon by the Complaint and thus incorporated by reference therein.

On a motion to dismiss, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)),

-2-

*cert. denied*, 139 S. Ct. 2615 (2019).  Documents incorporated by reference are treated "as though they are part of the complaint itself."  *Orexigen*, 899 F.3d at 1002; *see also Philco Invs., Ltd. v. Martin*, No. C 10-02785 CRB, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) ("If a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss.").

The Court should therefore consider the following documents, which the Complaint quotes and relies upon:

- Ex. 2:  Inogen's Form 10-Q filed with the SEC on November 7, 2017, referenced in ¶ 86.

- Ex. 3:  Inogen's Form 10-K filed with the SEC on February 27, 2018, referenced in ¶ 106.

- Ex. 4:  Inogen's Form 10-Q filed with the SEC on April 30, 2018, referenced in ¶ 122.

- Ex. 5:  Inogen's Form 10-Q filed with the SEC on August 7, 2018, referenced in ¶ 137.

- Ex. 6:  Inogen's Form 10-Q filed with the SEC on November 6, 2018, referenced in ¶ 160.

- Ex. 7:  Inogen's Form 10-K filed with the SEC on February 26, 2019, referenced in ¶ 189.

- Ex. 10:  Transcript of Inogen's quarterly earnings call for Q4 2018 and FY 2018, dated February 26, 2019, published by S&P Global Market Intelligence, referenced in ¶¶ 17, 183.

- Ex. 11:  Inogen press release, attached as Exhibit 99.1 to Inogen's Form 8-K filed with the Securities and Exchange Commission ("SEC") on November 7, 2017, referenced in ¶ 68.

- Ex. 12:  Inogen press release, attached as Exhibit 99.1 to Inogen's Form 8-K filed with the SEC on February 27, 2018, referenced in ¶ 99.

- Ex. 13:  Inogen press release, attached as Exhibit 99.1 to Inogen's Form 8-K filed with the SEC on April 30, 2018, referenced in ¶ 114.

- Ex. 14:  Inogen press release, attached as Exhibit 99.1 to Inogen's Form 8-K filed with the SEC on August 7, 2018, referenced in ¶ 128.

- Ex. 15:  Inogen press release, attached as Exhibit 99.1 to Inogen's Form 8-K filed with the SEC on November 6, 2018, referenced in ¶¶ 148 and 230.

- Ex. 16:  Inogen press release, attached as Exhibit 99.1 to Inogen's Form 8-K filed with the SEC on February 26, 2019, referenced in ¶¶ 17, 179, and 237.

- Ex. 17:  Inogen press release, attached as Exhibit 99.1 to Inogen's Form 8-K filed with the SEC on May 7, 2019, referenced in ¶¶ 19-20.

- Ex. 18:  Transcript of Inogen's quarterly earnings call for Q3 2017, dated November 7, 2017, published by S&P Global Market Intelligence, referenced in ¶¶ 76, 211.

- Ex. 19:  Transcript of Inogen's quarterly earnings call for Q1 2018, dated April 30, 2018, published by S&P Global Market Intelligence, referenced in ¶ 117.

- Ex. 20:  Transcript of Inogen's quarterly earnings call for Q2 2018, dated August 7, 2018, published by S&P Global Market Intelligence, referenced in ¶ 130.

Even if the foregoing documents were not incorporated by reference, which they are, judicial notice of the documents would be appropriate.  The Ninth Circuit has repeatedly held that consideration of SEC filings on motions to dismiss is appropriate.  *See PAR Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (granting request for judicial notice of SEC filings in affirming dismissal of securities class action complaint); *Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that taking judicial notice of SEC filings was proper); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (stating that SEC filings are matters subject to judicial

notice).  Additionally, judicial notice of the fact that certain statements appear in transcripts of investor conference calls is appropriate for judicial notice.  *See, e.g.*, *Hong v. Extreme Networks, Inc.*, No. 15-cv-04883-BLF, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking notice of conference call transcripts); *Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, No. 15-cv-02938-HSG, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (taking notice of "press releases and other investor communications") (citing cases).  Defendants refer to these documents only to show the content of the statements made therein, and do not request that the Court take judicial notice of the truth of the statements in these documents.

## II.  THE COURT MAY ALSO TAKE JUDICIAL NOTICE OF CERTAIN FACTS NOT SUBJECT TO REASONABLE DISPUTE

Defendants also request that the Court take judicial notice of specific facts contained in Exhibits 1, 8, and 9, which are "not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also Orexigen*, 899 F.3d at 999.  The court may consider such facts "at any stage of the proceeding," Fed. R. Evid. 201(d), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, No. 11-01016 SC, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking notice of SEC filings over plaintiffs' objections; "courts in this district have taken judicial notice of SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings") (citing cases); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1089 n.1, 1094 n.5 (N.D. Cal. 2017) (taking judicial notice of a press release and SEC filings on motion to dismiss (quoting Fed. R. Evid. 201(b)(2))).

The Court should take judicial notice of Inogen's stock price. *Metzler*, 540 F.3d at 1064 n.7; *Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (taking judicial notice of historical stock prices); *In re Blue Rhino Corp. Sec. Litig.*, No. CV 03-3495 NM (AJWx), 2004 U.S. Dist. LEXIS 27941, at *7-8 (C.D. Cal. Apr. 9, 2004) (taking judicial notice of stock prices because they "fall within the scope of Rule 201(b)"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking judicial notice of stock prices).

Defendants therefore request that the Court take judicial notice of the following:

- Ex. 1:  Inogen's Form 10-K filed with the SEC on April 27, 2015.
- Ex. 8:  Inogen's Form 10-Q filed with the SEC on May 7, 2019.
- Ex. 9:  Stock price chart of Inogen for the period November 8, 2017 through May 7, 2019, retrieved from www.finance.yahoo.com.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court treat the documents listed above as incorporated by reference and take judicial notice of the documents listed above.

Dated:  August 30, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: /s/ Catherine E. Moreno
        Catherine E. Moreno

650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: chashemi@wsgr.com
cmoreno@wsgr.com

*Attorneys for Defendants Inogen, Inc., Scott Wilkinson, and Alison Bauerlein*

-6-