FILED
CLERK, U.S. DISTRICT COURT
11/5/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WILLIAM FABBRI, et al.,
Plaintiffs,
v.
SCOTT WILKINSON, et al.,
Defendants.

Case No. CV 19-1643 FMO (AGRx)

**ORDER RE: PENDING MOTION**

Having reviewed all the briefing filed with respect to defendants' Motion to Dismiss Consolidated Amended Complaint, (Dkt. 74, "Motion"), the court will deny the Motion without prejudice for referencing materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Defendant requested judicial notice of approximately 20 exhibits. (See Dkt. 74-24, Request For Judicial Notice ("RJN")). Facts subject to judicial notice are those which are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Although "[a] court may take judicial notice of matters of public record without converting a motion to dismiss

into a motion for summary judgment[,]" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation marks omitted), defendant made no effort to authenticate the documents or establish how each document qualifies for judicial notice within the meaning of Rule 201 of the Federal Rules of Evidence. (See, generally, Dkt. 74-24, RJN); see also Fed. R. Evid. 201; Lee, 250 F.3d at 688 ("If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotation marks omitted). For example, defendant failed to point out which facts in each of the 20 exhibits are susceptible to judicial notice. (See, generally, Dkt. 18, RJN); see, e.g., Madeja v. Olympic Packers, LLC, 310 F.3d 628, 639 (9th Cir. 2002) (the district court did not abuse its discretion in refusing to take judicial notice of bankruptcy proceedings because the documents submitted for judicial notice were not authenticated); Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 649-50 (7th Cir. 2011) (the district court did not abuse its discretion in refusing to take judicial notice of materials including a settlement, lawsuits and pending enforcement actions between state attorneys general and defendant because plaintiffs "sought judicial notice not of particular discrete facts, but of a number of whole documents[,]" and questioning "why this would be a matter of judicial notice and not more generally the admissibility of the documents they have identified") (internal quotation marks omitted). "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied, 139 S.Ct. 2615 (2019).

The instant Motion reflects "[t]he overuse and improper application of judicial notice[,]" see Khoja, 899 F.3d at 998, as many of the documents for which defendant seeks judicial notice are simply not the type of documents that are susceptible to judicial notice. For example, defendant seeks judicial notice of several press releases, (see, e.g., Dkt. 74-13, Exh. 11, November 7, 2017 Press Release; Dkt. 74-14, Exh. 12, February 27, 2018 Press Release; Dkt. 74-15, Exh. 13, April 30, 2018 Press Release), and transcripts of quarterly earnings calls, (see, e.g., Dkt. 74-20, Exh. 18, November 7, 2017 Transcript; Dkt. 74-21, Exh. 19, April 30, 2018 Transcript; Dkt. 74-22, Exh. 20, August 7, 2018 Transcript), but the court may not take judicial notice of such documents. See,

e.g., Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (internal quotation marks omitted); Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354-55 (7th Cir. 1995) (because "there was considerable argument over the significance of the 10-K form, the judge properly found that its contents were subject to dispute").

Finally, given the number of documents defendant seeks to have considered in connection with its Motion, the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."); see, e.g., Columia River People's Utility Dist. v. Portland General Elec. Co., 40 F.Supp.2d 1152, 1153-54 (D. Or. 1999) (court has discretion whether to consider materials outside the pleadings); Williams v. County of Alameda, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("[T]he Court has discretion either to consider or reject such evidence" outside the pleadings.).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss Consolidated Amended Complaint **(Document No. 74)** is **denied without prejudice**.

2. Defendant shall file its Answer to the Complaint or a Rule 12(b)(6) motion without any attached exhibits no later than **November 12, 2019**.

Dated this 5th day of November, 2019.

/s/
Fernando M. Olguin
United States District Judge