FILED
CLERK, U.S. DISTRICT COURT
1/2/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

In re INOGEN, INC. SEC. LITIG. ) Case No. CV 19-1643 FMO (AGRx)

**ORDER**

Having reviewed and considered all the briefing filed with respect to Inogen, Inc., Scott Wilkinson, and Alison Bauerlein's ("defendants") Motion to Dismiss (Dkt. 81, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendants' Motion and dismiss plaintiffs' Consolidated Amended Complaint (Dkt. 62, "Complaint") with leave to amend. In preparing the Second Amended Complaint, plaintiffs shall evaluate the contentions set forth in defendants' Motion. As just one example, plaintiffs shall evaluate and revise their allegations relating to false and misleading statements. The Private Securities Litigation Reform Act ("PSLRA") exempts from liability "forward-looking statement[s]" which include "any statement regarding (1) financial projections, (2) plans and objectives of management for future operations, (3) future economic performance, or (4) the assumptions underlying or related to any of these issues." Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc., 759 F.3d 1051, 1058 (9th Cir. 2014) (internal quotation marks omitted). "The safe harbor applies if the forward-looking statement is (i) identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement or (ii) if it is not identified as a forward-looking statement and not accompanied by cautionary language, unless the statement was made with actual knowledge that the statement was false or misleading." Id. (internal quotation marks omitted).

Plaintiffs contend that the safe harbor provision does not apply because the statements at issue refer to "current or past facts, . . . [combined] with . . . forward looking statement[s]." (See Dkt. 84, Lead Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Complaint ("Opposition") at 14) (quoting In re Quality Sys., Inc. Sec. Litig., 865 F.3d 1130, 1142 (9th Cir. 2017), cert. denied, 139 S.Ct. 589 (2018)). But plaintiffs fail to adequately explain which statements are "mixed" such that the safe harbor does not apply and why they are mixed, rather than characterizing broad categories of statements as "mixed." (See Dkt. 84, Opposition at 14). In addition, plaintiffs' contention that, "[t]o the extent that any of the statements are forward-looking, they are not accompanied by adequate cautionary language[,]" (id. at 15), is insufficient to identify which statements are forward-looking but lack adequate cautionary language, and why any seemingly cautionary language is not actually cautionary. (See id.). In short, plaintiffs must amend their allegations and explain how their claims avoid the PSLRA's safe harbor.

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss **(Document No. 81)** is **granted**.

2. The Consolidated Amended Complaint (Dkt. 62) is **dismissed with leave to amend**.

3. If plaintiffs still wish to pursue this action, they are granted until **January 9, 2020**, to file a second amended complaint attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendants' Motion. The court expects that defendants will agree to any amendments that will or attempt to cure the alleged defects.

4. The second amended complaint must be labeled "Consolidated Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case. In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Consolidated Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Plaintiffs are cautioned that failure to timely file a Consolidated Second Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendants shall file their Answer to the Consolidated Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **January 23, 2020**.

7. In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **January 16, 2020, at 10:00 a.m.**[1] meet and confer in person at an agreed upon

---

[1] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.

location within the Central District of California to discuss defendants' motion to dismiss. Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 2nd day of January, 2020

/s/
Fernando M. Olguin
United States District Judge