**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re INOGEN, INC. SEC. LITIG. | Case No. CV 19-1643 FMO (AGRx) |
| | **ORDER RE: MOTION TO DISMISS** |

Having reviewed and considered the briefing filed with respect to Inogen, Inc., Scott Wilkinson, and Alison Bauerlein's (collectively, "defendants") Motion to Dismiss (Dkt. 90, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

In this securities class action, lead plaintiffs are Dr. John Vasil and Paragon Fund Management, each purchasers of Inogen common stock on the NASDAQ. (Dkt. 89, Consolidated Second Amended Complaint ("SAC") at ¶¶ 25 & 26). Defendants are: (1) Inogen, Inc. ("Inogen"), "a medical technology company headquartered in Goleta, California"; (2) Scott Wilkinson ("Wilkinson"), "the President and CEO of Inogen and a member of its Board of Directors throughout the Class Period"; and (3) Alison Bauerlein ("Bauerlein"), the founder of Inogen and its Executive Vice President and CFO during the Class Period. (Id. at ¶¶ 27-29). Plaintiffs allege that defendants violated: (1) § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") as well as Securities and Exchange Commission ("SEC") Rule 10b-5 and (2) § 20(a) of the Exchange

Act. (Dkt. 89, Consolidated Second Amended Complaint ("SAC") at ¶¶ 267-72). Plaintiffs bring this case "on behalf of all purchasers of Inogen common stock between November 8, 2017 and May 7, 2019, inclusive (the 'Class Period')." (Id. at ¶ 1).

The Ninth Circuit has recognized that, "[d]ue in large part to the enactment of the [PSLRA], plaintiffs in private securities fraud class actions face formidable pleading requirements to properly state a claim and avoid dismissal under Fed. R. Civ. P. 12(b)(6)." Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1054-55 (9th Cir. 2008). "In this technical and demanding corner of the law, the drafting of a cognizable complaint can be a matter of trial and error." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

To state a claim for securities fraud, a complaint must specify "each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading[.]" 15 U.S.C. § 78u-4(b)(1). Where, as here, the parties contest the applicability of the PSLRA's safe harbor provision, it is especially important that plaintiffs make clear which specific statements they allege are false. To apply the PSLRA safe harbor, the court must determine whether a given statement is a forward-looking statement that either (1) is "identified as a forward-looking statement, and is accompanied by meaningful cautionary statements" or (2) the statement was not made "with actual knowledge that the statement was false or misleading." Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc., 759 F.3d 1051, 1058 (9th Cir. 2014) (internal quotation marks omitted). This framework requires the analysis of specific allegedly false statements, not categories of statements about certain topics.

Here, the SAC is 272 paragraphs long. (Dkt. 89, SAC). Of those 272 paragraphs, 109 set forth quotations from defendants' press releases, conference calls, SEC filings, and statements at conferences. (See id. at ¶¶ 68-215). While the court is not persuaded that the SAC constitutes "puzzle pleading," see Karinski v. Stamps.com, Inc., 2020 WL 281716, *9 (C.D. Cal. 2020) ("[B]ased on the Motion, Defendants appear to have been able to identify the alleged misstatements and the reasons why the statements were misleading."), the court believes that there is a more straightforward manner to organize the allegations in the SAC. Accordingly, the court will deny the motion to dismiss without prejudice and proceed as follows.

First, plaintiffs may file a third amended complaint ("TAC") to address any of the contentions in defendants' Motion[1] or any of the issues raised in this Order. Second, irrespective of whether plaintiffs choose to file a TAC or rest on their SAC, plaintiffs shall, by the deadline set forth below, file a document entitled, "Outline of Allegations in Operative Complaint" ("Outline"). The court recognizes that a complaint tells a story, so statements that are not alleged to be false may be included in the complaint to provide the reader with context. The Outline, by contrast, shall contain only the statements that plaintiffs allege to be false or misleading. The court will assume that any statement not listed in the Outline is not alleged to be false or misleading. The Outline shall be formatted as follows:

I. FALSE OR MISLEADING STATEMENTS.

A. Chronological Narrative of All False or Misleading Statements.

B. False or Misleading Statements Organized by Topic. For example, plaintiffs should set forth all the allegations that relate to the Total Addressable Market and market penetration separately. Plaintiffs should include all topics about which defendants have made allegedly false or misleading statements.

C. Declines in Stock or Share Price.

II. APPLICABILITY OF PSLRA SAFE HARBOR.[2]

A. Non-Forward Looking Statements.

1. **Mixed Statements**. Plaintiffs should set forth all allegations that contain statements about current and past facts as well as forward-looking statements about projected growth in revenue and earnings.

2. **Non-Forward Looking Statements**. Plaintiffs should set forth allegations that contain statements about materiality, that are false or misleading, and show scienter.

---

[1] The court takes no position as to the merits of any the arguments in defendants' Motion.

[2] Each allegedly false or misleading statement must be placed in one or more of these categories, so that the court understands the basis for plaintiffs' argument that each specific statement is not protected by the PSLRA's safe harbor.

B. Forward-Looking Statements.

1. **Forward-Looking Statements as Part of Mixed Statements**.

2. **Free-Standing Forward Looking Statements**.[3]

3. **Actual Knowledge**.

III. SCIENTER. Plaintiffs shall list in concise fashion all the allegations that support a strong inference of scienter. At a minimum, plaintiffs should set forth the allegations that address: (1) omissions of material information; (2) statements by confidential witnesses; (3) stock sales; and (4) the core operations doctrine.

IV. LOSS CAUSATION.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss **(Document No. 90)** is **denied without prejudice**.

2. In the events plaintiffs seek to file a TAC, they shall do so no later than **September 16, 2020**.[4] The TAC must be labeled "Consolidated Third Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 19-1643 FMO (AGRx). In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Third Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

---

[3] If plaintiffs claim there are no forward-looking statements protected by the PSLRA's safe harbor provision, then defendants shall, if appropriate, submit a document entitled, "Defendants' Outline of Forward-Looking Statements Set Forth in Operative Complaint."

[4] Alternatively, plaintiffs may file a Notice of Intent to Stand on Second Amended Complaint.

3. Irrespective of whether plaintiffs file a TAC or decide to rest on their SAC, plaintiffs shall, no later than **September 23, 2020**, file their "Outline of Allegations in Operative Complaint" in the format set forth above.

4. Defendants shall, no later than **October 7, 2020**, send plaintiffs' counsel a detailed letter addressing each allegation in plaintiffs' Outline and setting forth the reasons why the allegation is insufficient to meet both the heightened pleading requirements for fraud claims under Rule 9(b), and the exacting pleading requirements of the PSLRA.

5. Counsel for the parties shall, on **October 21, 2020**, meet and confer in person or telephonically to discuss defendants' letter and motion to dismiss.[5] The court expects that defendants will agree to any amendments that will or attempt to cure any alleged defects in the operative complaint. The meet and confer shall be transcribed by a court reporter, the cost of which shall be divided equally by the parties. Defendants shall attach the meet and confer transcript to their motion to dismiss, if any. The parties shall also prepare a document entitled "Joint Meet and Confer Index Re: Outline of Allegations." The "Joint Index" shall also be attached to defendants' motion to dismiss, if any. In the "Joint Index," the parties shall set forth each allegedly false statement or omission in plaintiffs' outline, along with a citation to the page and line number in the meet and confer transcript where the allegedly false statement or omission was discussed.

6. In the event the parties are unable to resolve the issues relating to the operative complaint, defendants shall, no later than **October 28, 2020**, file a motion to dismiss and notice it pursuant to the Local Rules, although the parties may file a stipulation to extend the briefing schedule if necessary. Defendants' motion and plaintiffs' opposition must, at a minimum: (1) set forth the reasons why the statements are or are not false or misleading; and (2) explain why the alleged false or misleading statements were or were not made with scienter. The parties' briefing shall also take into account and discuss plausible opposing inferences. In other words, the parties

---

[5] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.

must consider and discuss plausible, nonculpable explanations for the defendant's conduct as well as inferences favoring plaintiffs.

Dated this 2nd day of September, 2020.

/s/

Fernando M. Olguin
United States District Judge